**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

BAY ACQUISITION, LLC,                )

            Plaintiff,                )  Hon. Garrett E. Brown, Jr.

            v.                )  Civil Action No. 08-3769 (GEB)

MARTIN HELLER, MARGARET HELLER,       )  **MEMORANDUM OPINION**
ALAN MEADES, and THE HELLER GROUP,    )
INC.,                                 )

            Defendants.                )

_____

**BROWN**, Chief Judge:

This matter comes before the Court on the motion for summary judgment (Doc. No. 29) filed by Defendants Martin Heller, Margaret Heller, Alan Meades, and The Heller Group, Inc. For the following reasons, the Court will dismiss Plaintiff's claims for lack of standing.

## I. BACKGROUND

Defendants, who are absentee landlords based in New Jersey, owned real estate in Martin, Kentucky ("the Property") that was leased to the United States Postal Service under a long-term lease. In March 2003, the Postal Service entered into a new lease for a ten-year term, lasting from July 1, 2005 to June 30, 2015. In the spring of 2003, Plaintiff Bay Acquisition, LLC, a New Hampshire corporation with its principal place of business in Florida, contacted Defendants in response to an advertisement listing the Property for sale. On or about June 17, 2003, Defendants and Plaintiff entered into an Agreement for the sale of the Property. The Postal

Service lease factored into the parties' determination of the value of the Property at the time of the sale.

Prior to that time, in 2002, the United States Army Corps of Engineers ("Corps of Engineers") initiated a project (the "Project") that would involve the relocation of properties in Martin, Kentucky, due to frequent flooding in the area. The Corps of Engineers began appraising properties in connection with the Project in 2002, but due to funding constraints, the Project has stalled. In conjunction with the Project, the Corps of Engineers inspected the Property for the purpose of appraisal in 2002.

Plaintiff alleges that it first learned of the Project in 2008 while attempting to resell the Property. Plaintiff contends that the Corps of Engineers intends to condemn the Property in conjunction with the Project and that Defendants had knowledge of the Government's intention when they entered into the Agreement for the sale of the Property in 2003. Based on those contentions, Plaintiff brought the instant suit against Defendants, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of warranty, common law fraud, violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq*, and equitable fraud. On November 30, 2009, Defendants filed the instant motion for summary judgment.[1]

## II. DISCUSSION

### A. Standing

Defendants contend that Plaintiff lacks standing to bring the instant suit. Article III of the Constitution limits the jurisdiction of federal courts to the adjudication of "Cases" or

---

[1] By order of March 15, 2010, the instant matter was reassigned to the undersigned.

"Controversies."  U.S. Const. art. III, § 2; *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-

60 (1992).  The "irreducible constitutional minimum" of Article III standing consists of three

elements:

> First, the plaintiff must have suffered an injury in fact--an invasion of
> a legally protected interest which is (a) concrete and particularized;
> and (b) actual or imminent, not conjectural or hypothetical. Second,
> there must be a causal connection between the injury and the conduct
> complained of--the injury has to be fairly traceable to the challenged
> action of the defendant, and not the result of some third party not
> before the court. Third, it must be likely, as opposed to merely
> speculative, that the injury will be redressed by a favorable decision.

*Pichler v. Unite*, 542 F.3d 380, 390 (3d Cir. 2008) (quoting *Lujan*, 504 U.S. at 560-61).  "When a

plaintiff claims that a defendant's threatened injury is the source of his standing, he must show

that the threatened injury is so imminent as to be 'certainly impending.'"  *Pub. Interest Research

Group of N.J., Inc. v. Magnesium Elektron*, 123 F.3d 111, 122 (3d Cir. 1997) (quoting *Whitmore

v. Arkansas*, 495 U.S. 149, 155-58 (1990)).  "The imminence requirement ensures that courts do

not entertain suits based on speculative or hypothetical harms."  *Id.*  To make such a showing in

response to a motion for summary judgment, the plaintiff must "submit affidavits or other

evidence showing, through specific facts," that the plaintiff would be directly affected by the

imminent harm.  *Lujan*, 504 U.S. at 563.  The party invoking federal jurisdiction bears the

burden of establishing the elements of standing.  *Id.* at 561.

    In this case, Plaintiff's claims are based on the possibility that the Corps of Engineers

may seek to acquire or condemn the Property as part of the Project at some future date.

However, the status of the Project and the funding available to move forward with the project are

anything but certain.  James Whaley, a reviewer for the Corps of Engineers, testified that

3

although the Corps of Engineers started appraising and acquiring some properties as early as 2002, the Project has not moved forward due to limited funding. (Greenfield Certif., Ex. O ("Whaley Dep.") at 7:4-10.) When asked if anyone within the Corps of Engineers could specify an anticipated acquisition time for the Property, Whaley stated: "I don't know anybody that really knows. A lot of it just simply depends upon the funding. And the funding, the way that the Corps is operating right now, it's almost a day-to-day basis if we get money, if we don't get money; if we can move forward, if we can't." (*Id.* at 10:1-11.) Whaley could not state with certainty that the Corps of Engineers would acquire the Property, or that the Corps of Engineers would seek to condemn the Property if it was not able to acquire it through negotiations with Plaintiff. (*Id.* at 28:5-17; 38:4-17.)

Additionally, Plaintiff has not established that it sustained an injury from lost rent because it continues to receive rent from the Postal Service for the lease of the Property. Richard Sullivan, the sole owner of Bay Acquisition, testified that the Postal Service is current on its rent payments, has never missed a payment, and has never breached the terms of the lease. (Greenfield Certif., Ex. H ("Sullivan Dep.") at 49:21-50:4.) Moreover, Sullivan testified that he has not received any notification from the Postal Service that it intends to stop paying rent. (*Id.* at 68:23-25.)

This Court concludes that Plaintiff has failed to establish that it has standing. The mere possibility that the Corps of Engineers may acquire or condemn the Property at some point in the future does not create an injury that is "concrete and particularized" or "actual or imminent." *See Lujan*, 504 U.S. at 560-61. The status of the Project and its available funding is uncertain, and thus, the relocation of the Property may never occur. Plaintiff has not established that the alleged

4

injury is "certainly impending" or imminent, and this Court will not entertain a suit that is based on the speculative harm that the Corps of Engineers may acquire the Property at an unspecified future date.  Moreover, Plaintiff is currently receiving income from the Property under the lease with the Postal Service and has not suffered any injury from lost rent.  Under those circumstances, the Court concludes that Plaintiff has not established that it has sustained an injury-in-fact, and thus Plaintiff does not have standing.  Pursuant to Article III of the Constitution, this Court does not have jurisdiction over the matter, and therefore, the Court will dismiss all claims for lack of standing.

      B.  Summary Judgment

      Even if Plaintiff was able to establish standing in this case, this Court would grant summary judgment in favor of Defendants on Plaintiff's claims based in contract and fraud.  A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

The parties do not dispute that this Court should apply New Jersey law as the law of the forum state.  Accordingly, this Court will apply New Jersey law to Plaintiff's contract and fraud claims. *See, e.g., Am. Cyanamid v. Fermenta Animal Health Co.*, 54 F.3d 177, 180 (3d Cir. 1995); *Salamon v. Teleplus Enters.*, Civ. No. 05-2058, 2008 U.S. Dist. LEXIS 43112, at *15 n.3 (D.N.J. June 2, 2008).

## 1. Contract Claims

Plaintiff asserts claims against Defendants for breach of contract, breach of warranty, and breach of the covenant of good faith and fair dealing.  To state a claim for breach of contract in New Jersey, a plaintiff must allege "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations."  *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Plaintiff alleges that at the time Defendants sold the Property to Plaintiff, Defendants had knowledge that the Corps of Engineers intended to condemn the Property.  Plaintiff contends that Defendants breached the Agreement for the sale of the Property by failing to disclose that information.

In this case, the Agreement provided that "Seller does not have Knowledge of any pending condemnation or similar proceeding affecting the Property or any portion thereof." (Greenfield Certif., Ex. J, Article 7.1(e).)  The Agreement further provided that "'Condemnation', 'Condemned' or other forms of such words shall refer to the receipt by the owner of the Property of the first formal written offer from any governmental authority to purchase the Property or any portion thereof in lieu of condemnation."  (*Id.*, Article 1.1.) Plaintiff has not presented any evidence that Defendants received any formal written offer from

6

the Corps of Engineers to purchase the Property such that Defendants can be said to have had knowledge of a pending condemnation under the terms of the Agreement.  Plaintiff relies on an appraisal of the Property by the Corps of Engineers that was conducted in 2002 by Jack Fannin in order to establish that Defendants had knowledge of a pending condemnation.  Fannin's appraisal report, however, provides no indication that Fannin ever advised Defendants of any project or intent by the Corps of Engineers to condemn the Property.  (Greenfield Certif., Ex. P.) Moreover, Fannin testified that he did not have any specific recollection of telling Defendants that the Government or the Corps of Engineers intended to acquire the Property.  (Greenfield Certif., Ex. Q at 43:13-22.)  Thus, Plaintiff has failed to present evidence that a disputed issue of material fact exists with regard to Defendants' knowledge of the Project such that it could be found to have breached the terms of the Agreement.

Additionally, the Agreement expressly indicates that the "purchaser represents, warrants and acknowledges to and agrees with seller that purchaser is purchasing the property in an 'as-is' condition 'with all faults' and specifically and expressly without any warranties, representations or guarantees, either express or implied, of any kind, nature, or type whatsoever from or on behalf of the seller." (Greenfield Certif., Ex. J., Article 4.3(a).)  Plaintiff provides no argument as to why this provision should not be enforced against Plaintiff's claim that Defendants breached express and implied warranties.  Plaintiff fails to even identify the specific express and implied warranties it seeks to enforce.  Additionally, with respect to all of Plaintiff's claims sounding in contract, Plaintiff has failed to establish damages due to any alleged breach by Defendants. *See Frederico*, 507 F.3d at 203.  Here, Plaintiff is still receiving regular rent from the Postal Service under the terms of the lease of the Property, and, as discussed previously, the

Corps of Engineers has not condemned the Property.  Plaintiff has failed to establish that it has

sustained damages flowing from Defendants' alleged breaches, and, thus, even if Plaintiff had

standing, the Court would grant summary judgment in favor of Defendants on Plaintiff's

contract-based claims.

> ### 2.  Fraud Claims

Plaintiff also asserts claims against Defendants for violation of the New Jersey Consumer

Fraud Act ("NJCFA"), common law fraud, and equitable fraud.  The NJCFA provides that

> [a]ny person who suffers any ascertainable loss of moneys or
> property, real or personal, as a result of the use or employment by
> another person of any method, act, or practice declared unlawful
> under this act or the act hereby amended and supplemented may bring
> an action or assert a counterclaim therefor in any court of competent
> jurisdiction.

N.J. Stat. Ann. § 56:8-19.  The New Jersey Supreme Court has held that to give effect to the

"ascertainable loss" requirement of the NJCFA, "a private plaintiff must produce evidence from

which a factfinder could find or infer that the plaintiff suffered an actual loss."  *Thiedemann v.*

*Mercedes-Benz USA, LLC*, 183 N.J. 234, 248 (2005).  "To raise a genuine dispute about such a

fact, the plaintiff must proffer evidence of loss that is not hypothetical or illusory," and in order

to avoid summary judgment, the evidence "must be presented with some certainty demonstrating

that it is capable of calculation."  *Id.*

To establish a claim for common law fraud in New Jersey, a plaintiff must show:  "(1) a

material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the

defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance

thereon by the other person; and (5) resulting damages."  *Perry v. Gold & Laine, P.C.*, 371 F.

Supp. 2d 622, 627 (D.N.J. 2005) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)).  "Equitable fraud is similar [to common law fraud], but does not require knowledge of the falsity and an intent to obtain an undue advantage." *Weil v. Express Container Corp.*, 360 N.J. Super. 599, 613 (App. Div. 2003).

Thus, in order to establish a claim for common law fraud, equitable fraud, or a violation of the NJCFA, a plaintiff must establish that it has sustained damages or an "ascertainable loss" under the NJCFA.  As discussed above, Plaintiff is still receiving rent from the Postal Service as provided for in the Property lease, and the Corps of Engineers has not condemned or sought to acquire the property at this time.  Plaintiff has failed to show that it has sustained damages due to Defendants' allegedly fraudulent conduct, and thus, even if Plaintiff had standing in this matter, the Court would grant summary judgment in favor of Defendants on Plaintiff's fraud-based claims.

## III.  CONCLUSION

For the foregoing reasons, this Court will dismiss Plaintiff's claims for lack of standing. An appropriate form of order accompanies this Memorandum Opinion.

Dated: August 13, 2010

                                                  ____S/Garrett E. Brown, Jr.____
                                                  Garrett E. Brown, Jr., Chief Judge
                                                  United States District Court